11 MURRAY, J.,
dissents with reasons.
In order to protect an individual’s constitutional rights in a procedure to commit him against his will, it must be shown by clear and convincing evidence that he is gravely disabled. As the majority correctly notes, grave disability is defined as the inability of a person to provide for his basic needs, coupled with the inability to survive safely in freedom or protect himself from serious harm; both elements must be proven to justify commitment. According to the statute, the court-appointed physician shall set forth the “objective factors” leading to the conclusion that the person is severely disabled, and should consider several criteria, including whether “the respondent’s condition is likely to deteriorate needlessly unless he is provided appropriate medical treatment.” La.Rev.Stat. Ann. 28:54(D) (West Supp. 2001).
With regard to whether the appellant is able to take care of his basic needs, Dr. Rouse, the court-appointed physician, stated that the appellant had exhibited “bizarre” behavior, such as begging in the French Quarter, but admitted that there was no evidence that he had ever gone hungry. Dr. Rouse stated that appellant lived mostly in a shelter, apparently paid for with funds from his social security check collected by his nephew, but that appellant sometimes stayed on the street. The physician stated the appellant could take care of his clothing needs. When | ¡..asked whether he could take care of his own medical needs, Dr. Rouse responded, “Perhaps. But most likely not.” With regard to whether appellant could survive safely in freedom and protect himself from harm, Dr. Rouse was asked what was the likelihood that appellant’s behavior would provoke someone to hurt him; he respond *660 ed: “It’s not zero percent, not a 100%,” but “somewhere in the middle.”
The other physician to testify, Dr. Urru-tia, when asked whether the appellant is able to provide for his basic needs, stated: “That’s the $64,000.00 question, which he seems to have answered partly by weathering this life the last 15 years.”
There is no doubt that, as both physicians testified, appellant would be better off in a treatment facility. This, however, is not sufficient to justify his involuntary commitment. Rather, there must be objective evidence, which rises to the standard of clear and convincing proof, that he is gravely disabled. Even viewing the experts’ testimony in the most favorable light, it does not meet this standard. The State, therefore, has failed to meet its burden to prove by clear and convincing evidence that the appellant is “gravely disabled” so as to warrant his involuntary commitment pursuant to La R.S.28:54. I, therefore, would reverse the judgment of the trial court.
MURRAY, J., dissents with reasons.